74 F.3d 1259
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
DOME PATENT, L.P., Plaintiff-Appellant,
v.
PILKINGTON VISIONCARE, INC., Defendant/Cross-Appellant.
 Nos. 96-1040, 96-1081.
 United States Court of Appeals, Federal Circuit.
 Jan. 3, 1996.
 
 Before ARCHER, Chief Judge, BENNETT, Senior Circuit Judge, and MAYER, Circuit Judge.
 ORDER
 ARCHER, Chief Judge.
 
 
 1
 On November 22, 1995, we directed Dome to show cause within 10 days why its appeal should not be dismissed on the ground that the appeal is not from a final and appealable order. We directed Pilkington Visioncare, Inc. to respond within ten days thereafter. Dome and Pilkington submit responses.
 
 
 2
 Briefly, Dome sued Pilkington for patent infringement in the United States District Court for the Northern District of California. The jury returned a verdict in favor of Dome, which included a finding that Pilkington had infringed Dome's patent under the doctrine of equivalents. The jury did not decide the issue of obviousness. Subsequently, Dome moved for an injunction and Pilkington filed alternative motions for judgment as a matter of law and for a new trial. On August 18, 1995, the district court entered an order granting Pilkington's motion for a new trial and denying Pilkington's motion for judgment as a matter of law. The district court did not address Dome's motion for an injunction. Dome appeals from that order on the ground that the order implicitly denied Dome's motion for an injunction. Pilkington cross-appeals from the denial of its motion for judgment as a matter of law.*
 
 
 3
 Dome and Pilkington both contend that the August 18, 1995 order is an appealable interlocutory order pursuant to 28 U.S.C. Secs. 1292(a)(1), (c)(1). Section 1292(a)(1) of 28 U.S.C. provides for appellate jurisdiction over interlocutory orders granting, continuing, modifying, refusing or dissolving injunctions. When an order does not specifically address the grant or denial of a motion for an injunction, this court applies the requirements established in Carson v. American Brands, Inc., 450 U.S. 79 (1981), in determining the appealability of that order. Woodard v. Sage Prods., Inc., 818 F.2d 841, 853 (Fed.Cir.1987) (in banc). Carson holds that an interlocutory order is appealable under Sec. 1292(a)(1) if (1) the order is injunctive in nature; (2) the order causes a serious, if not irreparable, consequence; and (3) the order can be effectively challenged only by immediate appeal. Carson, 450 U.S. at 84.
 
 
 4
 In the present case, the August 18, 1995 order has the practical effect of refusing an injunction. The district court implicitly denied Dome's motion for an injunction when it granted Pilkington's motion for a new trial. However, Dome has not shown that serious harm will result from the delay of permanent injunctive relief.
 
 
 5
 Whether permanent injunctive relief is delayed until after the trial, after an appeal, or after a second trial, a permanent injunction is generally still obtainable. That the delay in obtaining a permanent injunction may in some instances be extended if an immediate appeal is not allowed does not mean that the harm caused by the order is immediate and requires immediate review.
 
 
 6
 Woodard, 818 F.2d at 852 (emphasis in original). Irreparable harm is not shown by the prospect of a second trial. Id. at 855.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) Dome's appeal no. 96-1040 is dismissed.
 
 
 9
 (2) Pilkington's cross-appeal no. 96-1081 is dismissed.
 
 
 10
 (2) Each side shall bear its own costs.
 
 
 
 *
 Pilkington states that this court has pendent jurisdiction over its cross-appeal because the court's review of Dome's appeal "will necessarily include a review of the underlying issues of noninfringement and invalidity which were the bases for Pilkington's motion for judgment as a matter of law." See Katz v. Lear Siegler, Inc., 909 F.2d 1459, 1461 (Fed.Cir.1990) (interlocutory order that ordinarily would not be appealable may be given discretionary appellate review when it is ancillary to other matters that are appealable). Thus, if this court dismisses Dome's appeal, Pilkington's cross-appeal must also be dismissed